UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.


AMPY ENTERPRISES, INC.
d/b/a McDonald's #1789 at 3280 Coral Way,
and MCDONALD'S CORPORATION

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Ampy Enterprises, Inc. doing business as the McDonald's restaurant located at 3280 Coral Way, Miami Florida 33145 and Defendant McDonald's Corporation for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

## PARTIES

3. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

4. Defendant Ampy Enterprises, Inc. (also referenced as "Defendant Ampy Enterprises," "operator," lessee" or "co-Defendant") is a Florida for profit corporation which owns several fast-food franchise restaurants throughout Florida, including the McDonald's franchise restaurant known as McDonald's #1789 which is the subject of this action. According to Dunn & Bradstreet, Ampy Enterprises has 140 employees across all of its fast-food restaurant locations.

5. Defendant McDonald's Corporation (also referenced as "lessor," "owner," or "co-Defendant") is the owner of real property identified as folio 01-4116-009-1170, which is built out as a stand-alone fast-food restaurant and which is located at 3280 Coral Way, Miami, Florida 33145. This real property is alternatively known by the address 3280 SW 22 Street.

## FACTS

6. At all times material hereto, the 280 Coral Way real property has been leased by Defendant McDonald's Corporation to co-Defendant Ampy Enterprises. The lessee in turn has operated its franchised "McDonald's" fast food restaurant within that leased space.

7. The McDonald's restaurant chain consists of McDonald's restaurants which are owned by McDonald's Corporation and other McDonald's restaurants which are owned

and operated by franchisees (such as Ampy Enterprises). McDonald's restaurants serve American style hamburgers, salads, shakes, drinks and deserts. Each McDonald's restaurant is open to the general public and therefore each restaurant is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The McDonald's restaurant which is the subject to this action is also referred to as "McDonald's #1789," "McDonald's at 3280 Coral Way," "restaurant" or "place of public accommodation."

8. At all times material hereto, Defendant Ampy Enterprises was (and is) the franchisee operator of the McDonald's #1789 restaurant located at 3280 Coral Way, and as with all McDonald's restaurants, this McDonald's restaurant is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

9. As the operator the McDonald's franchise #1789 restaurant located at 3280 Coral Way, Defendant Ampy Enterprises is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. As the owner of commercial real property which is operated as a restaurant open to the public, Defendant McDonald's Corporation is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

11. Plaintiff is frequently in the vicinity of 3280 Coral Way in Miami therefore on July 14, 2021 Plaintiff went to the McDonald's restaurant at that location with the intent of purchasing a meal and dining in the eating area located therein.

12. While Plaintiff purchased a meal, he encountered many areas of inaccessibility related to the restroom facilities. As a result, Plaintiff left the SW 8th Street McDonald's feeling excluded, humiliated and dejected.

13. On information and belief, Defendant Ampy Enterprises is well aware of the need to provide equal access to individuals with disabilities as it owns many franchise fast-food restaurants and its failure to reasonably accommodate individuals with disabilities at its McDonald's franchise #1789 restaurant located at 3280 Coral Way is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

14. While in this instance, McDonald's Corporation is the property owner and leases its commercial space to a franchisee, McDonald's Corporation is one of the largest fast-food international corporations in the world and is the second largest private employer in the United States[1]. McDonald's Corporation is listed on the NYSE and has over 37,855 restaurants in over 100 countries. For these reasons and as the owner of the McDonald's franchise brand, Defendant McDonald's Corporation is aware of the ADA and the need to provide for equal access within all of its McDonald's restaurants as well as at its 3280 Coral Way commercial property which is operated as a McDonald's franchise. Therefore, Defendant McDonald's Corporation's de facto failure to reasonably accommodate individuals with disabilities at its commercial property which houses one of its franchised restaurants is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

15. Based on the above delineated access impediments, Plaintiff has been denied full and equal access to, and full and equal enjoyment of the McDonald's #1789 restaurant

---

[1] https://en.wikipedia.org/wiki/McDonald%27s

by the operator of that restaurant (Defendant Ampy Enterprises) and by the owner of the commercial property which houses the restaurant (Defendant McDonald's Corporation).

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff is and has been a customer of McDonald's restaurants. Plaintiff often dines at McDonald's fast-food restaurants and continues to desire to return to the 3280 Coral Way McDonald's restaurant to purchase food and eat in the dining area, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

21. Congress explicitly stated that the purpose of the ADA was to:

  (i)  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
  (ii)  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
  (iii)  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

  42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the McDonald's #1789 restaurant located at 3280 Coral Way in order to purchase a meal and dine therein. However, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access within that restaurant. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Ampy Enterprises and Defendant McDonald's Corporation have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the McDonald's #1789 restaurant located at 3280 Coral Way in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the McDonald's #1789 restaurant.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The 3280 Coral Way commercial space owned by Defendant McDonald's Corporation houses a McDonald's restaurant which is operated by the franchise owner Defendant Ampy Enterprises is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and Defendants are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. As to Defendant Ampy Enterprises (lessee/operator) and Defendant McDonald's Corporation (owner/lessor) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open/close. This is violative in many areas: The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum, and 404.2.8.2 delineates door closing speed, and a violation of Sections 4.13.11.

    ii.    As to Defendant Ampy Enterprises (lessee/operator), and Defendant McDonald's Corporation (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory sink (inside the stall) without assistance, as the lavatory sink does not provide the appropriate knee clearance of above the finished floor to bottom leading edge of fixture at 8" horizontal projection, of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in (485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

    iii.    As to Defendant Ampy Enterprises (lessee/operator) and Defendant McDonald's Corporation (owner/lessor) (jointly and severally):  Plaintiff could not exit the accessible stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to the lavatory location.  This is a violation of 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear.  The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

    iv.    As to Defendant Ampy Enterprises (lessee/operator) and Defendant McDonald's Corporation (owner/lessor) (jointly and severally): the men's restroom lavatory sink has partially unwrapped bottom sink pipes, which does not provide the proper insulation or protection for the plumbing under a sink or countertop in violation of

      2010 ADAAG §§606, 606.5 and/or §4.24.6 of the 1991 ADA Standards. which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code Section §606.5.

v.   As to Defendant Ampy Enterprises (lessee/operator) and Defendant McDonald's Corporation (owner/lessor) (jointly and severally), Plaintiff could not exit the men's restroom without assistance, as the required maneuvering clearance on the pull side of the main bathroom door is/was not provided due to the wall.  The fact that the main bathroom door does not provide the required maneuvering clearance for a parallel latch approach for doors with closers is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

28.    More access barrier violations may be present and these potential additional violations will be determined and proven through the discovery process.

29.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the McDonald's franchise #1789 restaurant located at 3280 Coral Way accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

30.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant McDonald's Corporation (owner of the 3280 Coral Way

commercial property) and Defendant Ampy Enterprises, Inc. (operator of the McDonald's franchise #1789 restaurant located at 3280 Coral Way) and requests the following relief:

    a)       The Court declare that Defendants have violated the ADA;

    b)       The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities;

    c)       The Court enter an Order requiring Defendants to alter the commercial property and the McDonald's fast-food restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

    d)       The Court award reasonable costs and attorneys fees; and

    e)       The Court award any and all other relief that may be necessary and appropriate.

Dated this 10th day of August, 2021.

                                            Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*